IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:15CR160-HEH |
| | ) | |
| AMIN JAMAAL HARRIS, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Amin Jamaal Harris, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 160.) Harris contends that he is entitled to relief on the following grounds:[1]

| | |
|---|---|
| Claim One | "Trial counsel refused to subpoena defense witnesses." (*Id.* at 4.) |
| Claim Two | "A verbal threat was made by [Harris] toward trial counsel causing a conflict of interest." (*Id.* at 5.) |
| Claim Three | "[C]ounsel . . . gave away [a] defense that would have showed government witness committed perjury." (*Id.* at 7.) |
| Claim Four | "Appeal counsel was ineffective for failure to show sentencing errors." (*Id.* at 8.) |
| Claim Five | "Counsel was ineffective for allowing [Harris] to make incriminating statements to law enforcement." (ECF No. 161, at 5.) |
| Claim Six | "Counsel was ineffective in not objecting to conspiracy charges" involving a Government informant. (*Id.* at 6.) |

---

[1] The Court employs the pagination assigned by CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

The Government filed a Response asserting that Harris's claims are untimely and otherwise lack merit. (ECF No. 165.) Despite receiving adequate *Roseboro*[2] notice, Harris failed to submit a reply. For the reasons set forth below, the § 2255 Motion is barred by the statute of limitations and will be denied as untimely.

## I. PROCEDURAL HISTORY

On June 3, 2016, a jury convicted Harris of Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(D), and 846 (Count One), Conspiracy to Distribute 500 grams or more of Cocaine Hydrochloride, in violation of 21 U.S.C. §§ 841(a), 841(b)(i)(B)(ii) and 846 (Count Two), Distribution and Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D) (Count Three), three counts of Distribution and Possession with Intent to Distribute Cocaine Hydrochloride, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) (Counts Five, Six, and Seven), and two counts of Possession of Firearms/Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Four and Eight). (*See* ECF No. 117, at 1–4; *see also* ECF No. 25, at 1–4.)[3] On August 31, 2016, the Court sentenced Harris to 360 months of imprisonment. (ECF No. 134, at 1–2.)

Harris appealed his sentence to the United States Court of Appeals for the Fourth Circuit. (ECF No. 136.) The Fourth Circuit affirmed the judgment of this Court. (ECF

---

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)

[3] The jury also found Harris not guilty of Attempted Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1) (Count Nine). (*See* ECF No. 117, at 4; *see also* ECF No. 25, at 4–5.)

Nos. 155, 156.) Harris filed a petition for a writ of certiorari. (ECF No. 157.) On October 10, 2017, the United States Supreme Court denied the petition. (ECF No. 159.)

On November 14, 2018, Harris placed his § 2255 Motion in the prison mail system. (ECF No. 160, at 13.) The Court deems Harris's § 2255 Petition to be filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Supreme Court denied Harris a petition for a writ of certiorari on October 10, 2017. (ECF No. 159.) Consequently, under 28 U.S.C. § 2255(f)(1), Harris's conviction became final on that day. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality

3

attaches when t[he] [Supreme] Court . . . denies a petition for a writ of certiorari . . . ."). Thus, Harris had until Wednesday, October 10, 2018 to file a § 2255 motion challenging his convictions. Because Harris did not file his § 2255 Motion until November 14, 2018, the motion is untimely.

Harris failed to respond to the Government's argument that his § 2255 Motion was untimely. Further, he freely admitted that he did not know when the "one-year statute of limitations was up." (ECF No. 160, at 12.) Nevertheless, Harris has expressed his "hope [that the statute of limitations] does not hinder [his] pursuit for post-conviction relief." (*Id.*) Affording Harris all the benefits of a liberal construction, the Court construes his statements as a request for an equitable tolling of the statute of limitations period.

### A. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a [movant] is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (citation and internal quotation marks omitted). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Harris maintains that he did not know when the statute of limitations period "started or concluded." (ECF No. 160, at 12.) He also vaguely contends that there were "some problems with the mail" and seems to suggest that a transfer between facilities

4

may have delayed him from receiving outside correspondence about his appeal. (*Id.*) Harris's allegations are imprecise, lack supporting factual details, and fail to demonstrate that tolling the limitations period is warranted. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling.").

It is well established that "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *see United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Thus, the fact that Harris did not know when the statute of limitations period began or ended is of no consequence.

Further, routine aspects of prison life, such as "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" that would warrant equitable tolling. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (alteration in original) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Thus, the fact that Harris may have been transferred between facilities at some point in time, and that his mail may have been delayed slightly as a result, does little to tip the scales in Harris's favor. *United States v. Thomas*, 713 F.3d 165, 174–75 (3d Cir. 2013) ("Although [the movant's] transfer to state custody may

5

have made it more difficult to file a timely § 2255 motion, increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances.").[4]

Perhaps most importantly, Harris fails to state with any specificity how any of the conditions complained of prevented him from filing his § 2255 Motion on time. *See Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010) (holding that an inmate must explain with specificity how the alleged conditions actually hindered his efforts to pursue his claims within the statute of limitations); *see also O'Neill v. Dir., Va. Dep't. of Corr.*, No. 3:10CV157, 2011 WL 3489624 at *6 (E.D. Va. Aug. 9, 2011) (observing that an inmate must "demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion"). Simply put, Harris's vague and conclusory assertions fail to demonstrate that extraordinary circumstances existed in this instance, much less that they actually impeded his ability to timely file his § 2255 Motion.

Even if Harris had sufficiently established that extraordinary circumstances stood in the way of his timely filing of his § 2255 Motion, which he has not, Harris would still not be entitled to equitable tolling on these facts, as he has failed to show that he exercised diligence in protecting his rights. *See Holland*, 560 U.S. at 649. To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he

---

[4] Harris does not specify when he was transferred. However, based on the scant detail that Harris does provide, it appears that the transfer may have occurred, at the latest, around the time the Supreme Court denied his petition for a writ of certiorari, on October 10, 2017. (*See* ECF No. 160, at 12.) As stated above, the denial of Harris's petition started the clock on his one-year statute of limitations period. Harris fails to state, and the Court fails to discern how a single transfer, which occurred either before or around the time the statute of limitations began to run constitutes the sort of extraordinary circumstance that would allow for equitable tolling.

6

took to diligently pursue his federal claims." *Yang*, 525 F.3d. at 930 (emphasis added) (internal quotation marks and citation omitted). Harris fails to point to even one thing that he did to protect his own rights.[5]

It is clear from his own statements that Harris had little regard for the statute of limitations in preparing his § 2255 Motion. (ECF No. 160, at 12 ("I'm not completely sure if my one-year statute of limitations is up, or when it started, or concluded.").) If Harris had been concerned with filing his § 2255 Motion on time, he would have taken the most basic steps of determining when the statute of limitations period began and when it ended, so that he could ensure that his § 2255 Motion was timely submitted.

Harris has failed to carry his "strong burden to show specific facts" that demonstrate his entitlement to equitable tolling. *Yang*, 525 F.3d at 928 (citation omitted). "Simply put, [Harris] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion."

---

[5] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Harris's allegations here. *See* 560 U.S. 635–44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

*O'Neill*, 2011 WL 3489624, at *6. Accordingly, Harris's § 2255 Motion is barred by the statute of limitations and will be denied.

## IV. CONCLUSION

For the above reasons, Harris's § 2255 Motion (ECF No. 160) will be denied as untimely. The action will be dismissed. A certificate of appealability will be denied.[6]

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 3, 2021
Richmond, Virginia

---

[6] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Harris has not satisfied this standard.

8