# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:15-cr-160–HEH |
| ) | |
| AMIN JAMAAL HARRIS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Denying Rule 60(b) Motion Without Prejudice)

By Memorandum Opinion and Order entered on November 3, 2021, the Court denied a 28 U.S.C. § 2255 Motion filed by Amin Jamaal Harris. (ECF Nos. 167, 168.) On January 7, 2022, the Court received Harris' Motion to File a Response to Government's Motion Out of Time. (ECF No. 169.) Harris asserts that he did not receive the Government's response to his § 2255 Motion; therefore, he did not file a reply. (*Id.* at 1–2.) Now, after the action has been dismissed, Harris requests that he be allowed to file a reply. (*Id.* at 2.) To the extent that Harris intended for his submission (ECF No. 169) to be a Rule 60(b) Motion, it will be denied without prejudice.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)," *id.* (citation omitted), which are: (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted) (internal quotation marks omitted). Here, Harris merely states that he would like for the Court to "consider entertaining the merits of [his] case." (ECF No. 169 at 2.) Harris does not articulate how he meets the threshold requirements of Rule 60(b) or identify the specific section of Rule 60(b) upon which his motion is based.

Accordingly, the Rule 60(b) Motion (ECF No. 169) will be denied without prejudice. A certificate of appealability will be denied.[1]

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 12, 2022
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Harris has not satisfied this standard. Thus, a certificate of appealability will be denied.